LAW OFFICES OF JUSTIN J. SHRENGER, APC
Justin J. Shrenger (CA State Bar. No. 151252)
4601 Wilshire Boulevard, Suite 240
Los Angeles, California 90010-3883
Telephone: (213) 625-8886
Facsimile:   (213) 625-1388
E-Mail:      mail@shrenger.com

Attorneys for plaintiff the Estate of
Wuxi Chenhwat Almatech Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF WUXI CHENHWAT ALMATECH CO., a Chinese entity,<br><br>     Plaintiff,<br><br>  vs.<br><br>PRESTIGE AUTOTECH CORPORATION, a Nevada corporation; DJOKO SUTRISNO, a/k/a JIADONG WU, an Individual; DANIEL HAMIDJOYO, an Individual; LEI "CATHY" HUANG, an Individual; and DOES 1 through 10, inclusive,<br><br>     Defendants. | CASE NO:  5:21-cv-00906-JGB-SPx<br><br>NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PRESTIGE AUTOTECH CORPORATION; DECLARATIONS OF CHI LI AND JUSTIN J. SHRENGER AND [PROPOSED] JUDGMENT FILED CONCURRENTLY HEREWITH<br><br>Date:         January 9, 2023<br>Time:        9:00 a.m.<br>Courtroom:   1 |

*NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT*

TO THIS HONORABLE COURT:

PLEASE TAKE NOTICE that on January 9, 2023, at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 1, plaintiff the Estate of Wuxi Chenhwat Almatech Co., Ltd. ("Plaintiff") will, and hereby does, move this Court for entry of default judgment in favor of Plaintiff and against defendant Prestige Autotech Corporation ("Defendant") on Plaintiff's claims for (1) breach of contract; (2) quantum valebant; (3) open book account; and (4) violation of Cal. B&P Code §§ 17200 *et seq.*

As set forth in the accompanying Declarations of Chi Li and Justin J. Shrenger, default judgment is appropriate and should be entered against the Defendant in the amount certain of US$29,826,644.74, comprised of the principal unpaid balance of US$15,517,004.56 and US$14,309,640.18 in prejudgment interest calculated at 10% per annum, Declaration of Justin J. Shrenger ("Shrenger Decl.") ¶ 8, on the grounds that Defendant has not responded to Plaintiff's Complaint and due to the fact that Defendant has been defaulted by the Clerk of this Court.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Chi Li and Justin J. Shrenger and upon such other documents, argument and evidence as is appropriately considered in ruling hereon.

Dated: December 2, 2022          LAW OFFICES OF JUSTIN J. SHRENGER

                                 Justin J. Shrenger
                                 Attorneys for plaintiff the Estate of Wuxi
                                 Chenhwat Almatech Co., Ltd.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This is an action arising out of the failure of defendant Prestige Autotech Corporation ("Defendant") to pay amounts due to plaintiff the Estate of Wuxi Chenhwat Almatech Co., Ltd. ("Plaintiff") under a series of written agreements entered into by the Parties for goods that Plaintiff delivered to Defendant and Defendant received, retained, and accepted. Over eighteen months have elapsed since Plaintiff properly served the Complaint and Summons in this case on the Defendant. The Clerk of this Court entered default against Defendant on September 15, 2021, and Defendant has failed to seek relief from default or otherwise properly defend or appear before this Court.  Accordingly, Plaintiff moves pursuant to Fed. R. Civ. P. 55(b)(2) and L.R. 55-1 for entry of default judgment against Defendant.

### II.

### FACTUAL BACKGROUND

Since 2007, Plaintiff and Defendant entered into a series of part written, part oral agreements with each other wherein Plaintiff agreed to sell and Defendant agreed to purchase Plaintiff's automobile wheels with payment for such goods to be made by Defendant, upon receipt by Defendant of Plaintiff's invoices for such goods. [Dkt. No. 1 (Complaint) ¶ 24] In 2012, Plaintiff sold and delivered goods to Defendant that Defendant ordered, received, retained, and accepted pursuant to the parties' contracts (comprised of Defendant's purchase orders, bills of lading, packing lists, and Plaintiff's corresponding invoices).  [*Id.* ¶¶ 26 and 33-34] Defendant breached the above referenced contracts by failing to tender payment to Plaintiff for the invoices, and in toto, failed to pay the sum of US$15,517,004.56, despite Plaintiff's repeated written demands therefor.  [*Id.*, ¶¶ 26, 46, 49 and 50]

1

1

2

### III.

### PROCEDURAL HISTORY

Plaintiff filed its Complaint in this action on May 25, 2021. On June 7, 2021, Defendant was served with the summons and Complaint.  [Dkt. No. 15] On September 15, 2021, the Clerk of this Court entered a default against the Defendant. [Dkt. No. 17]  To date, Defendant has not sought nor granted relief to set aside the default taken against it.

### IV.

### DISCUSSION

The Court has authority pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure to enter default judgment in this matter where Defendant has been defaulted, and make a determination relative to the damages to be awarded. *Forteza v. Mills*, 534 F.2d 415, 419 (1st Cir. 1976).  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk has entered a default, the opposing party must petition the Court for entry of default judgment. Fed. R. Civ. P. 55(b). Pursuant to Rule 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Therefore, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

When determining whether to grant the motion for default judgment, the court is to consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong

2

policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The factors set forth in *Eitel* all support entry of default judgment herein. The first factor the Court considers is whether a plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *PepsiCo, supra,* 238 F. Supp. 2d at 1177. Plaintiff cannot litigate against Defendant when Defendant refuses to appear before this Court. Given the failure of Defendant to defend this suit, Plaintiff would be prejudiced if denied a remedy against the Defendant. Therefore, the first *Eitel* factor weighs in favor of entering default judgment against Defendant.

The second and third *Eitel* factor are the substantive merits of the claim and the sufficiency of the complaint, which are often analyzed together. *PepsiCo, supra*, 238 F. Supp. 2d at 1175. These elements require that a plaintiff's allegations "state a claim on which [the plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *2 (N.D. Cal. 1996). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are taken as true. *Geddes*, 559 F.2d at 560.

Here, Plaintiff pleads sufficient facts by which to state claims for (a) breach of promissory note; (b) breach of guarantees; and (c) unjust enrichment. Therefore, and as set forth below, the second and third *Eitel* factors weigh in favor of entering default judgment for each of Plaintiff's claims.

To establish breach of contract, a plaintiff must plead and prove "(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the

plaintiff."  *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186, 169 Cal. Rptr. 3d 475, 478 (2014). The Plaintiff alleges that Plaintiff and Defendant entered into a series of written agreements concerning the sale and delivery of goods for the benefit of Defendant by a series of purchase orders and corresponding invoices pursuant to which wherein Plaintiff agreed to sell, and Defendant agreed to purchase, Plaintiff's goods.  [Dkt. No. 1 (Complaint) ¶¶ 24, 26, 43 and Exs. "B" and "C" attached thereto] Plaintiff has performed all conditions, covenants, and promises pursuant to each of the agreements except to the extent that such performance was excused or made impossible due to the actions of Defendant. [*Id.* at ¶ 45 Pursuant to the terms of the agreements, Defendant was to pay Plaintiff for the goods that it received, retained, and accepted. However, Defendant breached the agreements by failing to tender payment to Plaintiff for the invoices, and in toto, failed to pay the sum of US$15,517,004.56.  [*Id.* at ¶¶ 46-47]  Given the entry of default against Defendant, each of these allegations are deemed true.  *Geddes*, 559 F.2d at 560.  Accordingly, entry of default judgment against Defendant is appropriate on Plaintiff's breach of contract claim.

The common count of *quantum valebant* is used to recover the reasonable value of goods sold and delivered.  *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 792, 256 P.2d 947, 958 (1953); *Jogani v. Superior Ct.*, 165 Cal. App. 4th 901, 906, 81 Cal. Rptr. 3d 503, 507 (2008) (*quantum valebant* is a common law action for the collection of debts for reasonable value for goods whereas quantum meruit is for services rendered).  When a plaintiff sold or delivered goods to a defendant, the plaintiff's performance was made pursuant to the defendant's express or implied request, the defendant used the property for his or her benefit in a manner and under circumstances for which the law imposes a duty of compensation for that use, and the defendant did not refuse to accept the goods, a claim for *quantum valebant* has been stated.  *Weitzenkorn*, 40 Cal. 2d at 794.

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

As alleged in the Complaint, since 2007, Defendant placed numerous purchase orders for goods from Plaintiff, and Plaintiff sold and delivered such goods to Defendant for which Defendant received, retained, and accepted. [Dkt. No. 1 (Complaint) ¶¶ 24-26]  In 2012 alone, Defendant became indebted to Plaintiff for the goods sold and delivered by Plaintiff to Defendant who then and there agreed to pay the sum of US$15,517,004.56.  [*Id.* at ¶¶ 26 and 49] Defendant never returned or rejected any of the goods sold and delivered by Plaintiff and has not paid either the whole or any part of the sum of US$15,517,004.56.  [*Id.* at ¶¶ 26 and 50]  Accordingly, entry of default judgment against Defendant is appropriate on Plaintiff's *quantum valebant* claim.

The elements of an open book account cause of action are: (1) that the plaintiff and defendant had financial transactions, (2) that the plaintiff kept an account of the debits and credits involved in the transactions, (3) that the defendant owes the plaintiff money on the account, and (4) the amount of money that the defendant owes the plaintiff. *State Compensation Insurance Fund v. ReadyLink Healthcare, Inc.*, 50 Cal. App. 5th 422, 49, 264 Cal. Rptr. 3d 68 (2020).

As discussed above, Plaintiff sold and delivered goods to Defendant that Defendant received, retained, and accepted. [Dkt. No. 1 (Complaint) ¶ 43 and Exhs. "B" and "C" attached thereto]  At the special insistence and request of Defendant, Plaintiff furnished to Defendant on an open book account for the goods having an agreed upon value of US$15,517,004.56, at which time the account became certain and settled. [*Id.* at ¶¶ 25, 52 and 53] There is now due, owing, and unpaid from Defendant to Plaintiff the sum of US$15,517,004.56, although demands therefor have been made. [*Id.* at ¶ 54]  Accordingly, entry of default judgment against Defendant is appropriate on Plaintiff's open book account claim.

Finally, to establish a claim under Section 17200 of the California Business and Professions Code, a plaintiff must show either an (1) unlawful, unfair, or

fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising. *Adhav v. Midway Rent A Car, Inc.*, 37 Cal. App. 5th 954, 970, 249 Cal. Rptr. 3d 859 (2019) (internal quotation marks omitted). "[A] breach of contract may in fact form the predicate for Section 17200 claims, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.' *Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp. 2d 1099, 1118 n. 12 (C.D. Cal. 2001), *citing Allied Grape Growers v. Bronco Wine Company*, 203 Cal. App. 3d 432, 249 Cal. Rptr. 872 (1988) (buyers' breach of contract to purchase grapes constituted unfair business practice under Section 17200).

Here, Defendant's conduct described above or as alleged in the Complaint constitutes unlawful, unfair and/or fraudulent business practices pursuant to California B&P Code §§ 17200 *et seq.* (Dkt. No. 1 [Complaint], ¶¶ 9-41, 57.) Thus, entry of default judgment against Defendant is appropriate on Plaintiff's unfair competition claim.

### 1.    Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; see *Eitel*, 782 F.2d at 1471-72. The Court may review declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. *Craneveyor Corp. v. AMK Express Inc.*, No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal. 2017). The Court has authority to award prejudgment interest as part of a default judgment. *United States v. Rainbolt*, 543 F.Supp. 580 (E.D. Tenn. 1982). State law generally governs awards of prejudgment interest in diversity actions. *Oak Harbor Freight Line v. Sears Roebuck*, 513 F.3d 949, 961 (9th Cir. 2008). Given that this case is based on diversity jurisdiction, and all pertinent events and transactions in this matter occurred in California, its law should apply relative to the recoverability of prejudgment

6

interest. Pursuant to the provisions of C.C.P. § 3289(b), ten percent (10%) per annum is the statutory rate of prejudgment interest that applies in this matter from the date of breach, because the parties' agreements do not specify a rate of interest.

Here, Plaintiff seeks compensatory damages in the amount of US$29,826,644.74, comprised of the principal unpaid balance of US$15,517,004.56 and US$14,309,640.18 in prejudgment interest at 10% per annum.  Plaintiff supports its compensatory damages with: (1) the declaration of its former Chief Financial Officer, wherein he sets forth facts establishing the sale and delivery of goods to Defendant and Defendant's failure to pay for the goods it received, retained, and accepted [Declaration of Chi Li ¶¶ 3-5 and Exs. "1" and "2" thereto]; and (2) the declaration of its attorney with a calculation of the prejudgment interest at the legal rate of 10% per annum after Defendant's breach of contract [Shrenger Decl. ¶¶ 7-8]  Accordingly, the fourth factor weighs in favor of entry of default judgment against Defendant.

The fifth *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo, supra,* 238 F. Supp. 2d at 1177; *Eitel, supra,* 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, supra,* 238 F. Supp. 2d at 1177. "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote."  *Wecosign, Inc. v. IFG Holdings*, 845 F.Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citation omitted).  Having defaulted, the Defendant has admitted all factual allegations contained in the Complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *Landstar Ranger v. Parth Enterprises*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint,

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

no factual disputes exist that preclude the entry of default judgment."). Accordingly, this factor weighs in favor of entering default judgment.

The sixth *Eitel* factor considers whether Defendant's default may have been the product of excusable neglect. *PepsiCo, supra* 238 F. Supp. 2d at 1177; *Eitel, supra* 782 F.2d at 1471-72. Here, there is no indication that default was entered due to excusable neglect.  Defendant was properly served with the Complaint and Summons and but has not appeared in this litigation or attempted to have its defaults set aside, even though it was given eighteen months to do so.  Further, Defendant was served with the package of Plaintiff's prior application for entry of default judgment against it in November 2022 (see Dkt. No. 38); yet, to date, Defendant still has not contacted Plaintiff regarding the default that was taken against it [Shrenger Decl. ¶ 9]  Accordingly, this factor weighs in favor of entering default judgment against Defendant.

Under the seventh *Eitel* factor, the Court considers the policy favoring decisions on the merits.  *Eitel, supra* 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. *Id.* Defendant's failure to defend this action makes a decision on the merits impractical. *Id.* ("[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action").  Accordingly, the seventh *Eitel* factor does not preclude the entry of default judgment against Defendant.  Apart from the policy favoring decisions on the merits, all of the remaining *Eitel* factors militate in favor of entering default judgment, including the merits of Plaintiff's claims. *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors") (citations omitted).

8

The plaintiff's burden in "proving up" damages is relatively lenient.  If proximate cause is properly alleged in the complaint, it is admitted upon default. *Greyhound Exhibitgroup v. E.L.U.L Realty*, 973 F.2d 155, 159 (2d Cir. 1992). Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled. *Id.*

Plaintiff is entitled to damages as Defendant received, retained, and accepted goods that Plaintiff sold and delivered to Defendant but failed to pay for such goods.  Plaintiff is entitled to a compensatory damages award in the amount of US$29,826,644.74, comprised of the principal unpaid balance of US$15,517,004.56 and US$14,309,640.18 in prejudgment interest at 10% per annum. [Shrenger Decl., ¶¶ 7 and 8; Li Decl., ¶¶ 3-5]

Finally, As required by Local Rule 55-1, Plaintiff has established the following in this Motion:

L.R. 55-1(a), (b):  Default was entered against Defendant Prestige on September 15, 2021 for Defendant's failure to respond to the Complaint served upon it [Shrenger Decl. ¶¶ 2-4; Dkt. Nos. 15, 17];

L.R. 55-1(c):  Defendant is a corporation and not an infant or incompetent person. [Shrenger Decl. ¶ 5]

L.R. 55-1(d):  The Service Members Civil Relief Act does not apply to this matter. [*Id.*]

L.R. 55-1(e):  Notice of this Motion has been served on the defaulting party concurrently with the filing hereof (Proof of Service).

Further, in compliance with Central District Local Rule 55-2, notice of the amount claim owed has been provided to Defendant concurrently with the filing hereof.  (See the attached Proof of Service.)

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

## V.

## CONCLUSION

The *Eitel* factors and the instant procedural history support a grant of default judgment in favor of Plaintiff against Defendant in the amount of US$29,826,644.74, comprised of the principal unpaid balance of US$15,517,004.56 and US$14,309,640.18 in prejudgment interest (at 10% per annum), plus an award of costs to be established pursuant to an application to the Clerk to bill costs to be filed by Plaintiff within 14 days of entry of default judgment, plus an award of post judgment interest until the amounts owed are paid, and any such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 2, 2022    LAW OFFICES OF JUSTIN J. SHRENGER

_____
Justin J. Shrenger
Attorneys for plaintiff the Estate of Wuxi Chenhwat Almatech Co., Ltd.

10

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF LOS ANGELES  )

I am employed in Los Angeles County. I am over the age of 18 and not a party to the within action. My business address is 4601 Wilshire Boulevard, Suite 240, Los Angeles, California 90010-3883. On December 2, 2022, I served the document described as: NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PRESTIGE AUTOTECH CORPORATION; DECLARATIONS OF CHI LI AND JUSTIN J. SHRENGER AND [PROPOSED] JUDGMENT FILED CONCURRENTLY HEREWITH on all interested parties in this action by placing a true copy enclosed in a sealed envelope addressed as follows:

Prestige Autotech Corporation
c/o Fenton A. Liffick, Registered Agent for Service of Process
12070 Geode Street
Jurupa Valley, California 91752

[X]    (BY MAIL) I placed such envelope(s) for collection and mailing on this date following ordinary business practices. I am readily familiar with this office's practice of collection and processing correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the U.S. Postal Service on the same day it is collected and processed.

[ ]    (BY FACSIMILE) I caused such documents to be telefaxed to the offices of the above addressee(s) and fax number(s) shown above.

[ ]    (BY PERSONAL SERVICE) I delivered such documents by hand to the offices of the above addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 2, 2022, at Los Angeles, California.

_____
          /s/
        Elva N. Tapia