LAW OFFICES OF JUSTIN J. SHRENGER, APC
Justin J. Shrenger (CA State Bar. No. 151252)
Yi-Hsuan Rachel Lin (CA State Bar No. 286632)
3470 Wilshire Boulevard, Suite 855
Los Angeles, California 90010
Telephone: (213) 625-8886
Facsimile:  (213) 625-1388
E-Mail:     mail@shrenger.com

Attorneys for plaintiff the Estate of
Wuxi Chenhwat Almatech Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF WUXI CHENHWAT ALMATECH CO., a Chinese entity,<br><br>          Plaintiff,<br><br>     vs.<br><br>PRESTIGE AUTOTECH CORPORATION, a Nevada corporation; DJOKO SUTRISNO, a/k/a JIADONG WU, an Individual; DANIEL HAMIDJOYO, an Individual; LEI "CATHY" HUANG, an Individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO:  5:21-cv-00906-JGB-SPx<br><br>NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PRESTIGE AUTOTECH CORPORATION; DECLARATIONS OF CHI LI AND YI-HSUAN RACHEL LIN; REQUEST FOR JUDICIAL NOTICE; AND [PROPOSED] JUDGMENT FILED CONCURRENTLY HEREWITH<br><br>Date:          March 23, 2026<br>Time:          9:00 a.m.<br>Courtroom:     1 |

*NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT*

1    TO THIS HONORABLE COURT:

2    PLEASE TAKE NOTICE that on Monday, March 23, 2026, at 9:00 a.m., or as

3    soon thereafter as this matter may be heard by the above-entitled Court, located

4    3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 1, plaintiff the

5    Estate of Wuxi Chenhwat Almatech Co., Ltd. ("Plaintiff") will, and hereby does,

6    move this Court for entry of default judgment in favor of Plaintiff and against

7    defendant Prestige Autotech Corporation ("Defendant") on Plaintiff's claims for

8    (1) breach of contract; (2) open book account; and (3) violation of Cal. Bus. & Prof.

9    Code §§ 17200 *et seq.*

10    As set forth in the accompanying Declarations of Chi Li and Yi-Hsuan

11    Rachel Lin, default judgment is appropriate and should be entered against the

12    Defendant in the amount certain of US$34,804,835.07, comprised of the principal

13    unpaid balance of US$15,517,004.56 and US$19,287,830.51 in prejudgment interest

14    calculated at 10% per annum, Declaration of Yi-Hsuan Rachel Lin ("Lin Decl.")

15    ¶ 8, on the grounds that Defendant has not responded to Plaintiff's Complaint

16    and because Defendant has been defaulted by the Clerk of this Court.

17    This Motion is based on this Notice of Motion, the attached Memorandum

18    of Points and Authorities, the Declarations of Chi Li and Yi-Hsuan Rachel Lin,

19    Request for Judicial Notice, and upon such other documents, argument and

20    evidence as is appropriately considered in ruling hereon.

21    Dated: February 13, 2026    LAW OFFICES OF JUSTIN J. SHRENGER

22

23

24    *Yi-Hsuan Rachel Lin*
      Yi-Hsuan Rachel Lin
25    Attorneys for plaintiff the Estate of Wuxi
      Chenhwat Almatech Co., Ltd.

26

27

28

1

*NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT*

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   FACTUAL BACKGROUND .......................................................................... 1

III.  PROCEDURAL HISTORY ............................................................................ 3

IV.   DISCUSSION ................................................................................................. 3

      First *Eitel* Factor ........................................................................................ 4

      Second and Third *Eitel* Factors ................................................................ 4

            1. *Breach of Contract* ........................................................................ 5

            2. *Open Book Account* ....................................................................... 5

            3. *Violation of Cal. Bus. &Prof. Code §§ 17200 et seq.* ................... 6

      Fourth *Eitel* Factor ..................................................................................... 9

      Fifth *Eitel* Factor ...................................................................................... 10

      Sixth *Eitel* Factor ..................................................................................... 11

      Seventh *Eitel* Factor ................................................................................ 11

      Plaintiff's Damages .................................................................................. 12

V.    CONCLUSION ............................................................................................. 13

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

# TABLE OF AUTHORITIES

## CASES

*Adhav v. Midway Rent A Car, Inc.,*
  37 Cal. App. 5th 954, 249 Cal. Rptr. 3d 859 (2019) ...................................... 6

*Allied Grape Growers v. Bronco Wine Company,*
  203 Cal. App. 3d 432 Cal. Rptr. 872 (1988) ................................................. 6

*Bellows v. Aliquot Assocs., Inc.,*
  25 Cal. App. 4th 426, 30 Cal. Rptr. 2d 723 (1994) ...................................... 8

*California-Am. Water Co. v. Marina Coast Water Dist.,*
  2 Cal. App. 5th 748, 206 Cal. Rptr. 3d 439 (2016) ...................................... 8

*Craneveyor Corp. v. AMK Express Inc.,*
  No. CV 16-6049-RSWL-EX, 2017 WL 89553 (C.D. Cal. 2017) ................................. 9

*Danning v. Lavine,*
  572 F.2d 1386 (9th Cir. 1978) .......................................................... 4

*Eaton Hydraulics Inc. v. Cont'l Cas. Co.,*
  132 Cal. App. 4th 966, 34 Cal. Rptr. 3d 91 (2005) ...................................... 8

*Eitel v. McCool,*
  782 F.2d 1470 (9th Cir. 1986) ................................................. 4, 9, 10, 11

*Elektra Ent. Grp. Inc. v. Crawford,*
  226 F.R.D. 388 (C.D. Cal. 2005) ....................................................... 11

*Federal Nat. Mortg. Ass'n v. George,*
  No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958 (C.D. Cal. July 7, 2015) ................ 12

*Forteza v. Mills,*
  534 F.2d 415 (1st Cir. 1976) ........................................................... 3

*Geddes v. United Financial Group,*
  559 F.2d 557 (9th Cir. 1977) ........................................................... 3

*Gilkyson v. Disney Enterprises, Inc.,*
  244 Cal. App. 4th 1336, 198 Cal. Rptr. 3d 611 (2016) ................................... 7

*Greyhound Exhibitgroup v. E.L.U.L Realty,*
  973 F.2d 155 (2d Cir. 1992) ........................................................... 12

*In re Marshall,*
  600 F.3d 1037 (9th Cir. 2010) .......................................................... 7

*In re Roberts Farms Inc.,*
  980 F.2d 1248 (9th Cir. 1992) .......................................................... 7

*Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.,*
  285 F.3d 848 (9th Cir. 2002) ........................................................... 7

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

*Kloepping v. Fireman's Fund,*
　1996 WL 75314 at *2 (N.D. Cal. 1996)..................................................4

*Landstar Ranger v. Parth Enterprises,*
　725 F. Supp. 2d 916 (C.D. Cal. 2010) ..................................................11

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism,*
　6 Cal. App. 5th 1207, 212 Cal. Rptr. 3d 216 (2016) ...............................7

*Nichols v. Canoga Indus.,*
　83 Cal. App. 3d 956, 148 Cal. Rptr. 459 (1978) .....................................8

*Oak Harbor Freight Line v. Sears Roebuck,*
　513 F.3d 949 (9th Cir. 2008) ..............................................................10

*Orange Cnty. Health Care Agency v. Dodge,*
　793 F. Supp. 2d 1121,(C.D. Cal. 2011) ..................................................8

*Paredes v. Credit Consulting Servs., Inc.,*
　82 Cal. App. 5th 410, 297 Cal. Rptr. 3d 862, 875 (2022) .........................7

*PepsiCo, Inc. v. California Sec. Cans,*
　238 F. Supp. 2d 1172 (C.D. Cal. 2002) ....................................4, 9, 10, 11

*Richman v. Hartley,*
　224 Cal. App. 4th 1182, 169 Cal. Rptr. 3d 475, 478 (2014) .....................5

*State Compensation Insurance Fund v. ReadyLink Healthcare, Inc.,*
　50 Cal. App. 5th 422, 264 Cal. Rptr. 3d 68 (2020) ..................................5

*United States v. Rainbolt,*
　543 F.Supp. 580 (E.D. Tenn. 1982) .....................................................10

*Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.,*
　178 F.Supp. 2d 1099, fn. 12 (C.D. Cal. 2001)..........................................6

*Wecosign, Inc. v. IFG Holdings,*
　845 F.Supp. 2d 1072 (C.D. Cal. 2012) .................................................10

*White v. Lieberman,*
　103 Cal. App. 4th 210, 126 Cal. Rptr. 2d 608 (2002) ...............................8


**STATUTES**

C.C.P. § 3289(b)..................................................................................10

C.C.P. § 337.........................................................................................7

C.D. Cal. L.R. 55-1 .............................................................................1

C.D. Cal. L.R. 55-1(a), (b) ................................................................12

C.D. Cal. L.R. 55-1(c)........................................................................13

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

C.D. Cal. L.R. 55-1(d) ................................................................................ 13

C.D. Cal. L.R. 55-1(e) ................................................................................ 13

Cal. Bus. & Prof. Code § 17208 .................................................................. 7

Cal. Bus. &Prof. Code §§ 17200 et seq. ............................................... 5, 6, 7

Cal. Code Civ. Proc. § 426.10(c) ................................................................. 7

Fed. R. Civ P. 8(d) ...................................................................................... 3

Fed. R. Civ. P. 13(a) .................................................................................... 7

Fed. R. Civ. P. 13(a)(1)(A), (B) .................................................................. 7

Fed. R. Civ. P. 55(a) .............................................................................. 3, 11

Fed. R. Civ. P. 55(b) .................................................................................... 3

Fed. R. Civ. P. 55(b)(2) .......................................................................... 1, 3

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

## I.   INTRODUCTION

This is an action arising out of the failure of defendant Prestige Autotech Corporation ("Defendant") to pay amounts due to plaintiff the Estate of Wuxi Chenhwat Almatech Co., Ltd. ("Plaintiff") under a series of written agreements entered into by the Parties for goods that Plaintiff delivered to Defendant and Defendant received, retained, and accepted. Over 56 months have elapsed since Plaintiff properly served the Complaint and Summons in this case on the Defendant. The Clerk of this Court entered default against Defendant on September 15, 2021, and Defendant has failed to seek relief from default or otherwise properly defend or appear before this Court.  Accordingly, Plaintiff moves pursuant to Fed. R. Civ. P. 55(b)(2) and L.R. 55-1 for entry of default judgment against Defendant.

## II.   FACTUAL BACKGROUND

This case involves a fraudulent scheme orchestrated by two individuals, Djoko Sutrisno and Daniel Hamidjoyo, resulting in theft from a Chinese entity by a U.S. entity. [Dkt. No. 1 ("Complaint") ¶¶ 9-10.] Specifically, the two individuals owned and controlled two companies: the Plaintiff in China and the Defendant in the United States. [Complaint ¶¶ 21-26.] From 2007 to 2013, they executed a scheme where Defendant ordered goods under written agreements from Plaintiff but failed to pay for goods exceeding US $15 million in value, which Defendant received, retained, and accepted. [Complaint ¶ 26.] This scheme effectively transferred all of Plaintiff's wealth to Defendant. In August 2013, creditors of Plaintiff filed proceedings for reorganization in bankruptcy against Plaintiff in China, leading to the appointment of an administrator to oversee the estate. [Complaint ¶¶ 27-29.] On December 13, 2013, the administrator's audit report revealed that Defendant was indebted to Plaintiff for over US$15 million. [Complaint ¶ 30.]

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

However, unbeknownst to Plaintiff at the time, on March 25, 2013, Defendant filed an action for breach of contract against Plaintiff, entitled *Prestige Autotech v. Wuxi Chenhwat Almatech, et al.*, Superior Court of California, County of San Bernardino Case No. CIVRS1302108 (the "State Court Action"). Defendant entered default and subsequently took default Judgment against Plaintiff. [Complaint ¶ 36.] After Plaintiff retained counsel, on June 10, 2014, the California Superior Court granted Plaintiff's motion for relief from default in the State Court Action. [Request for Judicial Notice ("RFJN"), Ex. A.] On July 15, 2014, Defendant filed a notice of appeal of the foregoing Order with the California Court of Appeal, 4th District (Case No. E061541), and the State Court Action was stayed pending appeal. [RFJN, Ex. A] On March 22, 2016, the California Court of Appeal ruled on the appeal, and on May 25, 2016, a remittitur was issued remanding the matter back to the Superior Court for further proceedings. [RFJN, Ex. B.]

On October 17, 2016, after hearing, the Superior Court granted Plaintiff's motion to set aside default judgment. [RFJN, Ex. A.] On October 26, 2016, Defendant filed a second appeal of the Superior Court's October 17, 2016 order with the California Court of Appeal, 4th District (Case No. E067138). [RFJN, Ex. C.] On January 22, 2019, the California Court of Appeal affirmed the Superior Court's October 17, 2016 order relieving Plaintiff from default/default judgment. [*Id.*] On March 26, 2019, the Court of Appeal transmitted its remittitur to the San Bernardino Superior Court. [*Id.*] However, on March 27, 2019, without providing Plaintiff any advance notice, Defendant voluntarily dismissed the State Court Action *without prejudice* before Plaintiff's responsive pleadings to the complaint ever became due. [RFJN, Ex. A.] At no time during the State Court Action was Plaintiff required by any statute to file its Cross-Complaint in the State Court Action; in fact, Plaintiff never filed an answer in that action. [*Id.*]

On May 25, 2021, Plaintiff filed this instant Action against Defendant in the District Court (Case No. 5:21-cv-00906) for breach of written contract and other

related common counts. [Dkt. No. 1] The claims for relief were the compulsory counterclaims that Plaintiff would have brought against Defendant had the State Court Action not been voluntarily dismissed by Defendant.

## III.    PROCEDURAL HISTORY

Plaintiff filed its Complaint in this action on May 25, 2021. On June 7, 2021, Defendant was served with the summons and Complaint. [Dkt. No. 15] On September 15, 2021, the Clerk of this Court entered a default against the Defendant. [Dkt. No. 17] To date, Defendant has not sought nor granted relief to set aside the default taken against it.

## IV.    DISCUSSION

The Court has authority pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure to enter default judgment in this matter where Defendant has been defaulted, and make a determination relative to the damages to be awarded. *Forteza v. Mills*, 534 F.2d 415, 419 (1st Cir. 1976). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the Clerk has entered a default, the opposing party must petition the Court for entry of default judgment. Fed. R. Civ. P. 55(b). Pursuant to Rule 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Therefore, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

When determining whether to grant the motion for default judgment, the court is to consider "(1) the possibility of prejudice to the plaintiff, (2) the merits

of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors set forth in *Eitel* all support entry of default judgment herein.

**First *Eitel* Factor**: The first factor the Court considers is whether a plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *PepsiCo, supra,* 238 F. Supp. 2d at 1177. Plaintiff cannot litigate against Defendant when Defendant refuses to appear before this Court. Given the failure of Defendant to defend this suit, Plaintiff would be prejudiced if denied a remedy against the Defendant. Therefore, the first *Eitel* factor weighs in favor of entering default judgment against Defendant.

**Second and Third *Eitel* Factors**: Next, the Court will consider the substantive merits of the claim and the sufficiency of the complaint, which are often analyzed together. *PepsiCo, supra*, 238 F. Supp. 2d at 1175. These elements require that a plaintiff's allegations "state a claim on which [the plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *2 (N.D. Cal. 1996). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are taken as true. *Geddes*, 559 F.2d at 560.

Here, the second and third *Eitel* factors weigh in favor of entering default judgment for each of Plaintiff's claims because Plaintiff pleads sufficient facts to

state claims for (1) breach of contract; (2) open book account; and (3) violation of Cal. Bus. &Prof. Code §§ 17200 et seq.:

      **1.** *Breach of Contract*: To establish breach of contract, a plaintiff must plead and prove "(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186, 169 Cal. Rptr. 3d 475, 478 (2014). Plaintiff alleges that Plaintiff and Defendant entered into a series of written agreements concerning the sale and delivery of goods for the benefit of Defendant by a series of purchase orders and corresponding invoices pursuant to which wherein Plaintiff agreed to sell, and Defendant agreed to purchase, Plaintiff's goods. [Complaint ¶¶ 24, 26, 43 and Exs. "B" and "C" attached thereto] Plaintiff has performed all conditions, covenants, and promises pursuant to each of the agreements except to the extent that such performance was excused or made impossible due to the actions of Defendant. [*Id.* at ¶ 45] Pursuant to the terms of the agreements, Defendant was to pay Plaintiff for the goods that it received, retained, and accepted. However, Defendant breached the agreements by failing to tender payment to Plaintiff for the invoices, and in toto, failed to pay the sum of US$15,517,004.56. [*Id.* at ¶¶ 46-47] Given the entry of default against Defendant, each of these allegations are deemed true. *Geddes*, 559 F.2d at 560.  Accordingly, entry of default judgment against Defendant is appropriate on Plaintiff's breach of contract claim.

      **2.** *Open Book Account*: The elements of an open book account cause of action are: (1) that the plaintiff and defendant had financial transactions, (2) that the plaintiff kept an account of the debits and credits involved in the transactions, (3) that the defendant owes the plaintiff money on the account, and (4) the amount of money that the defendant owes the plaintiff. *State Compensation Insurance Fund v. ReadyLink Healthcare, Inc.*, 50 Cal. App. 5th 422, 49, 264 Cal. Rptr. 3d 68 (2020).

As discussed above, Plaintiff sold and delivered goods to Defendant that Defendant received, retained, and accepted. [Dkt. No. 1 (Complaint) ¶ 43 and Exhs. "B" and "C" attached thereto]  At the special insistence and request of Defendant, Plaintiff furnished to Defendant on an open book account for the goods having an agreed upon value of US$15,517,004.56, at which time the account became certain and settled. [*Id.* at ¶¶ 25, 52 and 53] There is now due, owing, and unpaid from Defendant to Plaintiff the sum of US$15,517,004.56, although demands therefor have been made. [*Id.* at ¶ 54]  Accordingly, entry of default judgment against Defendant is appropriate on Plaintiff's open book account claim.

**3. *Violation of Cal. Bus. &Prof. Code §§ 17200 et seq.*:** To establish a claim under Section 17200 of the California Business and Professions Code, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising. *Adhav v. Midway Rent A Car, Inc.*, 37 Cal. App. 5th 954, 970, 249 Cal. Rptr. 3d 859 (2019) (internal quotation marks omitted). "[A] breach of contract may in fact form the predicate for Section 17200 claims, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.' *Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp. 2d 1099, 1118 fn. 12 (C.D. Cal. 2001), *citing Allied Grape Growers v. Bronco Wine Company*, 203 Cal. App. 3d 432, 249 Cal. Rptr. 872 (1988) (buyers' breach of contract constituted unfair business practice under Section 17200).

Here, Defendant's conduct described above or as alleged in the Complaint constitutes unlawful, unfair and/or fraudulent business practices pursuant to California B&P Code §§ 17200 *et seq.* [Complaint, ¶¶ 9-41, 57] Thus, entry of default judgment against Defendant is appropriate on Plaintiff's unfair competition claim.

Furthermore, the statute of limitations was tolled during the pendency of Defendant's State Court Action and appeals, rendering all claims, except possibly

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

quantum valebant, timely. The statutes of limitations applicable to Plaintiff's four counts of claims as stated in the Complaint are as follows: (1) the claim for breach of a written contract has a statute of limitations of four years. *Gilkyson v. Disney Enterprises, Inc.*, 244 Cal. App. 4th 1336, 1341, 198 Cal. Rptr. 3d 611 (2016); California Code of Civil Procedure ("C.C.P.") § 337; (2) the claim for quantum valebant has a statute of limitations of two years. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 6 Cal. App. 5th 1207, 1221, 212 Cal. Rptr. 3d 216 (2016); (3) the claim for open book account has a statute of limitations of four years. *In re Roberts Farms Inc.*, 980 F.2d 1248, 1253 (9th Cir. 1992); and (4) an action seeking redress for violation of Cal. Bus. & Prof. Code §§ 17200 et seq. has a limitations period of four years. *Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 857 (9th Cir. 2002), citing Cal. Bus. & Prof. Code § 17208 (2026).

A defendant must plead as a counterclaim any claim it has against the plaintiff at the time of service, if that claim (1) "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and (2) "does not require adding another party over whom the court cannot acquire jurisdiction." F.R.C.P. Rule 13(a)(1)(A), (B) (2026); *see In re Marshall*, 600 F.3d 1037, 1057 (9th Cir. 2010) (a claim is a compulsory counterclaim if the "operative facts underlying [her] action" are the same as those underlying the opposing party's original claim). California law contains a provision similar to F.R.C.P. Rule 13(a). A defendant's counterclaim is compulsory if the cause of action "arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." Cal. Code Civ. Proc. § 426.10(c) (2026). The mere filing of an underlying lawsuit tolls the statute of limitations for compulsory counterclaims. *Paredes v. Credit Consulting Servs., Inc.*, 82 Cal. App. 5th 410, 428, 297 Cal. Rptr. 3d 862, 875 (2022); *see also, California-Am. Water Co. v. Marina Coast Water Dist.*, 2 Cal. App. 5th 748, 763, 206 Cal. Rptr. 3d

7

439 (2016) ("the filing of a complaint tolls the statute of limitations applicable to a cross-complaint so long as the cross-complaint is related to the original complaint and its causes of action were not barred when the original complaint was filed"), *Orange Cnty. Health Care Agency v. Dodge*, 793 F. Supp. 2d 1121, 1129 (C.D. Cal. 2011) ("a plaintiff's institution of a suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim").

Further, the limitations period is equitably tolled from the time the cause of action accrues until the underlying lawsuit is terminated by a final judgment. *Eaton Hydraulics Inc. v. Cont'l Cas. Co.*, 132 Cal. App. 4th 966, 973, 34 Cal. Rptr. 3d 91 (2005). The California rule of equitable tolling of the statute of limitations applies even where a party filed an action in another, albeit wrong, forum. *Nichols v. Canoga Indus.*, 83 Cal. App. 3d 956, 959, 148 Cal. Rptr. 459 (1978). If the underlying action is appealed, the statute of limitations is tolled during the pendency of the appeal, from the time notice of appeal is filed, to the time a remittitur is issued by the appellate court. *White v. Lieberman*, 103 Cal. App. 4th 210, 216, 126 Cal. Rptr. 2d 608 (2002). Until the remittitur is issued, the appeal is still pending, and the statute is tolled. *Bellows v. Aliquot Assocs., Inc.*, 25 Cal. App. 4th 426, 434, 30 Cal. Rptr. 2d 723 (1994).

Here, Plaintiff learned of the breaches by Defendant on or about December 13, 2013, after receiving the auditor's report. [Complaint ¶ 30.] However, the statute of limitations did not commence on December 13, 2013 because Defendant had already filed its State Court Action on March 25, 2013. [RFJN, Ex. "A"] In other words, the statute of limitations had been tolled since March 25, 2013. Further, when Defendant filed its State Court Action against Plaintiff, it proceeded to take a default and default judgment against Plaintiff based on improper service of process. [*Id.*] Being in default, Plaintiff could not have filed any responsive pleadings to the complaint, including both its answer and a compulsory cross-complaint. Thus, Plaintiff had to first seek relief from the

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

improper default and default judgment before it could file its compulsory
counterclaims against the Defendant. [RFJN, Exs. "B" and "C"] However, on the
very next day after the California Court of Appeal affirmed the ruling setting
aside the default judgment against Plaintiff, Defendant voluntarily dismissed
without prejudice the State Court Action—before Plaintiff could have filed its
answer and cross-complaint therein. [RFJN, Ex. "A"] Accordingly, during the six-
year pendency of the State Court Action, including the two related appeals,
Plaintiff's answer and cross-complaint never became due. Therefore, Plaintiff's
claims remained alive and viable against Defendant because they had been tolled
since the pendency of the initial filing of Defendant's State Court Action (March
25, 2013) and throughout the multiple years of appeals. Accordingly, the statute
of limitations did not start to run until Defendant voluntarily dismissed the State
Court Action on March 27, 2019. [*Id.*]

There are 790 days between March 27, 2019 (the date that Defendant
dismissed the State Court Action) and May 25, 2021 (the date that Plaintiff
brought this Action). Thus, the period during which the relevant statutes of
limitations were not tolled was at a maximum 790 days or 2.16 years.
Accordingly, all of the claims for relief, with the exception of quantum valebant,
are timely. Plaintiff does not seek default judgment be entered against Defendant
based on the quantum valebant claim.

**Fourth *Eitel* Factor**: Under the fourth *Eitel* factor, the Court considers "the
amount of money at stake in relation to the seriousness of Defendant's conduct."
*PepsiCo*, *supra*, 238 F. Supp. 2d at 1176; see *Eitel*, 782 F.2d at 1471-72. The Court
may review declarations, calculations, and other damages documentation to
determine whether the sum of money at stake is appropriate. *Craneveyor Corp. v.
AMK Express Inc.*, No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal.
2017). The Court has authority to award prejudgment interest as part of a default

judgment. *United States v. Rainbolt*, 543 F.Supp. 580 (E.D. Tenn. 1982). State law generally governs awards of prejudgment interest in diversity actions. *Oak Harbor Freight Line v. Sears Roebuck*, 513 F.3d 949, 961 (9th Cir. 2008). Given that this case is based on diversity jurisdiction, and all pertinent events and transactions in this matter occurred in California, its law should apply relative to the recoverability of prejudgment interest. Pursuant to the provisions of C.C.P. § 3289(b), ten percent (10%) per annum is the statutory rate of prejudgment interest that applies in this matter from the date of breach, because the parties' agreements do not specify a rate of interest.

Here, Plaintiff seeks compensatory damages in the amount of US$34,804,835.07, comprised of the principal unpaid balance of US$15,517,004.56 and US$19,287,830.51 in prejudgment interest at 10% per annum. Plaintiff supports its compensatory damages with: (1) the declaration of its former Chief Financial Officer, wherein he sets forth facts establishing the sale and delivery of goods to Defendant and Defendant's failure to pay for the goods it received, retained, and accepted [Declaration of Chi Li ¶¶ 3-5 and Exs. "1" and "2" thereto]; and (2) the declaration of its attorney with a calculation of the prejudgment interest at the legal rate of 10% per annum after Defendant's breach of contract [Lin Decl. ¶¶ 7-8] Accordingly, the fourth factor weighs in favor of entry of default judgment against Defendant.

**Fifth *Eitel* Factor**: Courts next consider the possibility that material facts are disputed. *PepsiCo*, *supra*, 238 F. Supp. 2d at 1177; *Eitel*, *supra*, 782 F.2d at 1471-72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, *supra*, 238 F. Supp. 2d at 1177. "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings*, 845 F.Supp. 2d 1072, 1082 (C.D. Cal. 2012) (internal citation omitted). Having defaulted, the

10

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

Defendant has admitted all factual allegations contained in the Complaint, and
therefore no genuine dispute of material facts exists which would preclude
granting the motion. *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D.
Cal. 2005); *Landstar Ranger v. Parth Enterprises*, 725 F. Supp. 2d 916, 922 (C.D. Cal.
2010) ("Since [plaintiff] has supported its claims with ample evidence, and
defendant has made no attempt to challenge the accuracy of the allegations in the
complaint, no factual disputes exist that preclude the entry of default
judgment."). Accordingly, this factor weighs in favor of entering default
judgment.

   **Sixth *Eitel* Factor**: The sixth *Eitel* factor considers whether Defendant's
default may have been the product of excusable neglect. *PepsiCo, supra* 238 F.
Supp. 2d at 1177; *Eitel, supra* 782 F.2d at 1471-72. Here, there is no indication that
default was entered due to excusable neglect. Defendant was properly served
with the Complaint and Summons and but has not appeared in this litigation or
attempted to have its defaults set aside, even though it was given eighteen
months to do so. Further, Defendant was served with the package of Plaintiff's
prior application for entry of default judgment against it in November 2022 (see
Dkt. No. 38); yet, to date, Defendant still has not contacted Plaintiff regarding the
default that was taken against it [Lin Decl. ¶ 9]  Accordingly, this factor weighs in
favor of entering default judgment against Defendant.

   **Seventh *Eitel* Factor**: The Court considers the policy favoring decisions on
the merits. *Eitel, supra* 782 F.2d at 1472. However, "this preference, standing alone,
is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal citation omitted). A
party's failure to answer or appear makes a decision on the merits impractical, if
not impossible. *Id.* Defendant's failure to defend this action makes a decision on
the merits impractical. *Id.* ("[u]nder Fed. R. Civ. P. 55(a), termination of a case

11

before hearing the merits is allowed whenever a defendant fails to defend an action"). Accordingly, the seventh *Eitel* factor does not preclude the entry of default judgment against Defendant.  Apart from the policy favoring decisions on the merits, all of the remaining *Eitel* factors militate in favor of entering default judgment, including the merits of Plaintiff's claims. *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors") (citations omitted).

**Plaintiff's Damages**: The plaintiff's burden in "proving up" damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. *Greyhound Exhibitgroup v. E.L.U.L Realty*, 973 F.2d 155, 159 (2d Cir. 1992). Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled. *Id.*

Plaintiff is entitled to damages as Defendant received, retained, and accepted goods that Plaintiff sold and delivered to Defendant but failed to pay for such goods. Plaintiff is entitled to a compensatory damages award in the amount of US$34,804,835.07, comprised of the principal unpaid balance of US$15,517,004.56 and US$19,287,830.51 in prejudgment interest at 10% per annum. [Lin Decl., ¶¶ 7 and 8; Li Decl., ¶¶ 3-5, and Exs. "1" and "2" thereto]

Finally, As required by Local Rule 55-1, Plaintiff has established the following in this Motion:

L.R. 55-1(a), (b):  Default was entered against Defendant Prestige on
                    September 15, 2021 for Defendant's failure to respond to

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION*

the Complaint served upon it [Lin Decl. ¶¶ 2-4; Dkt. Nos.
15, 17];

L.R. 55-1(c):     Defendant is a corporation and not an infant or
incompetent person. [Lin Decl. ¶ 5]

L.R. 55-1(d):     The Service Members Civil Relief Act does not apply to
this matter. [*Id.*]

L.R. 55-1(e):     Notice of this Motion has been served on the defaulting
party concurrently with the filing hereof (Proof of Service).

Further, in compliance with Central District Local Rule 55-2, notice of the
amount claim owed has been provided to Defendant concurrently with the filing
hereof. (See the attached Proof of Service.)

# V.    CONCLUSION

The *Eitel* factors and the instant procedural history support a grant of
default judgment in favor of Plaintiff against Defendant in the amount of
US$34,804,835.07, comprised of the principal unpaid balance of US$15,517,004.56
and US$19,287,830.51 in prejudgment interest (at 10% per annum), plus an award
of costs to be established pursuant to an application to the Clerk to bill costs to be
filed by Plaintiff within 14 days of entry of default judgment, plus an award of
post judgment interest until the amounts owed are paid, and any such other relief
as this Court deems just and proper.

Respectfully submitted,

Dated: February 13, 2026     LAW OFFICES OF JUSTIN J. SHRENGER

*Yi-Hsuan Rachel Lin*
_____
Yi-Hsuan Rachel Lin
Attorneys for plaintiff the Estate of Wuxi
Chenhwat Almatech Co., Ltd.

13

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I am employed in Los Angeles County. I am over the age of 18 and not a party to the within action. My business address is 3470 Wilshire Boulevard, Suite 855, Los Angeles, California 90010. On February 13, 2026, I served the document described as: NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PRESTIGE AUTOTECH CORPORATION; DECLARATIONS OF CHI LI AND YI-HSUAN RACHEL LIN; REQUEST FOR JUDICIAL NOTICE; AND [PROPOSED] JUDGMENT FILED CONCURRENTLY HEREWITH on all interested parties in this action by placing a true copy enclosed in a sealed envelope addressed as follows:

Prestige Autotech Corporation
c/o Fenton A. Liffick, Registered Agent for Service of Process
12070 Geode Street
Jurupa Valley, California 91752

[X]   (BY MAIL) I placed such envelope(s) for collection and mailing on this date following ordinary business practices. I am readily familiar with this office's practice of collection and processing correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the U.S. Postal Service on the same day it is collected and processed.

[ ]   (BY FACSIMILE) I caused such documents to be telefaxed to the offices of the above addressee(s) and fax number(s) shown above.

[ ]   (BY PERSONAL SERVICE) I delivered such documents by hand to the offices of the above addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2026, at Los Angeles, California.

_____
                /s/
            Elva N. Tapia